IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>   Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. ("Plaintiff") is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses it receives and disseminates its findings and any responsive records to the American public to inform them about "what their government is up to."

4.   Defendant U.S. Department of Justice ("Defendant" or "DOJ") is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001. On information and belief, Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.   On October 9, 2018, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking the following records:

> **All records concerning any and all meetings between former FBI general counsel James Baker and one or more attorneys from Perkins Coie, the Democratic National Committee's private law firm during 2016.**

6.   The request also referenced a specific media report that Mr. Baker met with lawyers from the Perkins Coie law firm to talk about allegations of Donald Trump – Russia collusion weeks before the 2016 election, and before the FBI secured a search warrant targeting then-candidate Trump's campaign.

7.   The FBI responded to Plaintiff's request by a letter dated October 16, 2018 and advised Plaintiff that the request has been assigned FOIPA Request No. 1419245-000.

8.   As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records they intend to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant has violated FOIA by failing and/or refusing to employ search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's request and, accordingly, failing and/or refusing to produce any and all non-exempt records responsive to the request.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

12. Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request. Accordingly, Defendant's determinations were due by November 7, 2018 at the latest. By this date Defendant was required to: (i) gather and review the requested documents; (ii) make and communicate to Plaintiff a determination about the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adverse determination. *See, e.g., Citizens for Responsibility and Ethics in Wash. v. Federal Election Comm'n*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

13. Because Defendant failed to determine whether to comply with Plaintiff's request within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

14. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's request and demonstrate that it

- 4 -

employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: November 13, 2018

Respectfully submitted,

/s/ *James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*